**SMITH & LOWNEY**
───── PLLC ─────
ATTORNEYS AT LAW

March 31, 2025

**Via Electronic Filing**
Clerk of the Court
U.S. Court of Appeals, Ninth Circuit
95 Seventh St.
San Francisco, CA 94103

**Re.** *Center for Biological Diversity v. U.S. EPA, et al.,* **No. 23-2946 — Appellee Center for Biological Diversity's Supplemental Authority**

Dear Clerk of the Court,

Pursuant to Circuit Rule 28-6, appellee Center for Biological Diversity submits this letter regarding this Court's February 13, 2025, decision in *Ritidian v. United States Department of the Airforce*, 128 F.4th 1089, 2025 U.S. App. LEXIS 3369 (9th Cir. 2025). In *Ritidian*, like here, the federal defendant disputed Article III standing, arguing that harm to the plaintiff's environment interests was not fairly traceable to the defendant's failure to complete an environmental review of its proposed plan because an independent third party would first need to take action to adopt or authorize that plan. *Id.* at *21–24; EPA Brief at 22, 31–32. The Court rejected this argument and held "[s]o long as there is a reasonable probability" that the third party will authorize the defendant's proposed plan, traceability is satisfied. *Ritidian* at *23–24.



2317 East John Street, Seattle, Washington 98112
206-860-2883 | smithandlowney.com

The Court further held that the Air Force took "final agency action" for purposes of the Administrative Procedures Act (APA) despite that "the Air Force's ultimate implementation of its proposed waste disposal plan depends on whether Guam EPA grants or denies its application." *Id.* at *30. The Court reasoned that direct and appreciable legal consequences flowed from the Air Force's articulation of a waste disposal plan in its application to Guam EPA merely because the application "lays the groundwork for the plan it will have to follow" if and when Guam EPA issued a permit containing as-yet unknown terms and conditions. *Id.* at *37. While the instant case concerns "agency action" under the Endangered Species Act rather than "final agency action" under the APA, *Ritidian* is persuasive authority for rejecting U.S. EPA's argument that analogizes to APA case law. *See* EPA Reply at 23 (citing *Chemours Co. FC, LLC v. EPA*, 109 F.4th 179, 185-87 (3d Cir. 2024)).

        Respectfully submitted,

        SMITH & LOWNEY, PLLC

        By: *s/Claire Tonry*
           Claire Tonry, WSBA No. 44497
        Attorneys for Appellee Center for Biological Diversity