

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*                                                                                   *Telephone (202) 514-4081*
*P.O. Box 7415*                                                                                *Facsimile (202) 353-1873*
*Ben Franklin Station*
*Washington, DC 20044*

**VIA ACMS**                                                                       April 2, 2025

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

Re:     23-2946, *Center for Biological Diversity v. Environmental Protection Agency et al.* (Argument scheduled April 7, 2025) (Miller, S.R. Thomas, Paez)

Dear Ms. Dwyer:

Undersigned counsel responds to CBD's letter regarding *Prutehi Litekyan v. U.S. Department of the Airforce*, 128 F.4th 1089 (9th Cir. 2025) (*Prutehi*). The United States is still considering whether to seek rehearing in *Prutehi*, but *Prutehi* is not relevant here in any event.

*Prutehi*'s standing holding is inapposite. Plaintiff Prutehi had alleged injury traceable to the Air Force's ongoing detonation of ordnance. *Id.* at 1106. This Court reasoned that, had the Air Force prepared a NEPA analysis, it might have decided not to carry out those operations. *Id.* at 1107. Here, by contrast, it is *other* decisionmakers (e.g., states, permitting authorities, and ultimately dischargers) that cause the alleged harm to CBD's members. Thus, CBD must show that fixing the alleged procedural error will *also* affect the decisions of third-party decisionmakers; it cannot do so. Opening Br.

U.S. Department of Justice
Environment and Natural Resources Division

*Appellate Section*                                                                                   *Telephone (202) 514-4081*
*P.O. Box 7415*                                                                                      *Facsimile (202) 353-1873*
*Ben Franklin Station*
*Washington, DC 20044*

24-25. Further, *Prutehi* does not discuss redressability, which is also lacking here. *See* Opening Br. 32-35; Rep. at 12-15.

*Prutehi* also has no bearing on the merits of this case. *Prutehi* discusses "final agency action" within the meaning of the Administrative Procedure Act ("APA") and applies the test for "final agency action" articulated in *Bennett v. Spear*, 520 U.S. 154 (1997). "Final agency action" under the APA (and indeed, "agency action" as defined by the APA, 5 U.S.C. § 551) is distinct from "agency action" as that term is defined under Section 7 of the Endangered Species Act. The question here is the meaning of "agency action" under Section 7 of the ESA, and neither party has ever argued that the APA's definition of "agency action" or *Bennett*'s "final agency action" test controls in the ESA Section 7 context.[1]

                                                              Respectfully submitted,

                                                              s/ Michelle Melton
                                                              Michelle Melton
                                                              Attorney for Appellant

Word Count: 345

---

[1] Even if the "final agency action" test were relevant, EPA's § 304 recommendations are not final agency action. *See Nat. Res. Def. Council v. EPA*, 16 F.3d 1395, 1407-8 (4th Cir. 1993) (holding EPA's recommended criteria for dioxin are not final agency action); *see also Southern Cal. All. of Publicly Owned Treatment Works v. EPA*, 8 F.4th 831, 837-38 (9th Cir. 2021) (EPA guidance document is not final agency action).