# SMITH & LOWNEY
## PLLC
### ATTORNEYS AT LAW

June 27, 2025

**Via Electronic Filing**
Clerk of the Court
U.S. Court of Appeals, Ninth Circuit
95 Seventh St.
San Francisco, CA 94103

**Re:** *Center for Biological Diversity v. U.S. EPA, et al.*, No. 23-2946 — Appellee Center for Biological Diversity's Circuit Rule 28-6 Letter of Supplemental Authority

Dear Clerk of the Court,

Two recent Article III standing decisions are pertinent here. First, *Diamond Alternative Energy, LLC v. EPA*, No. 24-7, 606 U.S. ___ (June 20, 2025), rebuts EPA's contention that the Supreme Court would be "reluctant" to find redressability unless Center for Biological Diversity establishes with certainty "that states predictably will adopt EPA's new recommendations." Dkt 32.1 at 13-14. Specifically, EPA argues that—despite the vast majority of states adopting EPA's 304(a) criteria revisions verbatim for decades, twenty-five states adopting EPA's revised cadmium criteria soon after publication, a regulatory regime designed to push state adoption of EPA's criteria, and record evidence of systemic barriers to developing and defending alternative criteria—it is not "sufficiently predictable"



2317 EAST JOHN STREET, SEATTLE, WASHINGTON 98112
206-860-2883 | SMITHANDLOWNEY.COM

that states would adopt EPA's revised 304(a) criteria following Endangered Species Act compliance. *Id.*; Dkt. 25.1 at 8-9, 19, 22, 29-31; Dkt. 20.2 at 30, 34 (EPA conceding "publication of a new recommendation might influence some states to alter their WQS"); Oral Argument at 7:40-8:25 (EPA conceding Congress enacted 304(a) so states would adopt EPA's criteria, touting environmental benefits of frequent criteria updates).

In *Diamond Alternative Energy,* the Supreme Court rejected a similar EPA argument and held that commonsense inferences, in combination with the purpose of the government action and evidence of how similar actions historically played out, make third-party responses "sufficiently 'predictable'" notwithstanding competing evidence and complex, unpredictable market forces. Slip op. at 15-17. The Supreme Court further (1) found that the standard for redressability is likelihood, not certainty; (2) rejected a "heightened 'proof of redressability'" requirement to show how third parties would likely respond to government action; and (3) cautioned against misuse of the redressability requirement to deny standing based on EPA's counterintuitive speculation. *Id.* at 17-22 (rejecting claim there are "no consequences" when government touted environmental benefits). These holdings are not limited to economic injuries; they apply "evenhandedly" to all litigants. *Id.* at 22-23.

2

Second, *Gutierrez v. Saenz*, No. 23-7809, 606 U.S. \_\_\_, slip op. at 10 (June 26, 2025) held that redressability turns on the complaint, not, as EPA argued here, the relief granted. Dkt. 32.1 at 14.

                                                Respectfully submitted,

SMITH & LOWNEY, PLLC

By: *s/Claire Tonry*
    Claire Tonry, WSBA No. 44497
Attorneys for Appellee Center for Biological Diversity