

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Appellate Section*                                                                            *Telephone (202) 353-3527*
*P.O. Box 7415*                                                                               *Facsimile (202) 353-1873*
*Washington, DC 20044*

## VIA CM/ECF

July 17, 2025

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

        Re:    EPA's Response to CBD's Rule 28(j) citation of supplemental authority for *Center for Biological Diversity v. EPA, et al.*, 9th Cir. 23-2946
                Oral Argument held on April 7, 2025
                Before Judges THOMAS, PAEZ, and MILLER.

Dear Ms. Dwyer:

      EPA responds to CBD's notice about *Diamond Alternative Energy, LLC v. EPA*, 145 S. Ct. 2121 (2025). There the Supreme Court found that producers of gasoline and other liquid fuels have standing to challenge regulations requiring automakers to manufacture more electric vehicles and fewer gasoline-powered vehicles. *Id.* *Diamond Alternative* accords with EPA's argument here. The stark contrast between the two cases highlights how speculative CBD's standing arguments are.

      Contrary to CBD's strawman, EPA has never suggested that CBD must prove causation or redressability to a "certainty." Rather, as in *Diamond Alternative*, CBD must prove those elements by establishing that "third parties will likely react to the government regulation (or judicial relief) in predictable ways that will likely cause (or redress) the plaintiff's injury." *Id.* at 2133, 2134 (cleaned up); *e.g.*, Opening Br. 32 (discussing "likely" standard). In *Diamond Alternative*, the challenged regulations *coercively* required automakers to produce automobiles

using less gasoline and other liquid fuels. 145 S. Ct. at 2129. The automakers' response of producing such vehicles was thus predictable, and the downstream effects of decreased liquid-fuel consumption would "likely cause fuel producers' monetary injuries." *Id.* at 2135. The Court concluded that it was "sufficiently 'predictable' that invalidating California's regulations would likely redress the fuel producers' injury" based on "commonsense economic inferences about the operation of the automobile market—combined with the statements of the fuel producers, California, EPA, and the vehicle manufacturers." *Id.* at 2138.

Conversely, the recommendations CBD challenges are *nonbinding* and lack any coercive or sufficiently predictable effect on States or EPA. Opening Br. 29-31; Reply Br. 10-13. Nor will any remedy have a predictable effect because States are free to retain criteria they already adopted or adopt any other scientifically defensible criteria in the future, including adopting the values in the recommendations regardless of any court order. Opening Br. 32-33; Reply Br. 12-15. Moreover, unlike the predictable market forces in *Diamond Alkali*, there are several additional, speculative steps between a State's adoption of EPA's recommended criteria and their effects on releases of cadmium, cadmium's effects on species, and those effects on CBD's declarants. Opening Br. 25-26.

Sincerely,

*/s/ Robert P. Stockman*

ROBERT P. STOCKMAN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 353-3527
Robert.Stockman@usdoj.gov

## CERTIFICATE OF COMPLIANCE

      This letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because, excluding the parts of the document exempted by Rule 32(f), the document contains 350 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because the document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

                                        */s/ Robert P. Stockman*

                                        ROBERT P. STOCKMAN
                                        *Attorney*